# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE BAKER,<br><br>                        Plaintiff,<br>  v.<br>SRS & ASSOCIATES, INC.,<br><br>                       Defendant. | Case No. 09CV1518 BTM (NLS)<br><br>**ORDER RE MOTION TO VACATE VOLUNTARY DISMISSAL** |

Plaintiff moves under Fed. R. Civ. P. 60(b) to vacate her voluntary dismissal of the above-captioned case. For the reasons that follow, this motion is **DENIED**.

## BACKGROUND

On July 13, 2009, Plaintiff filed a complaint against Defendant, alleging violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. [Doc. #1] On September 29, 2009, the Clerk entered default judgment against Defendant. [Doc. #5]

On October 23, 2009, Plaintiff filed a notice of settlement. [Doc. #6] Although there is no indication that this settlement was finalized, Plaintiff filed a motion to enforce settlement approximately two months later. [Doc. #7] This motion was denied without prejudice, in part because Plaintiff failed to file proof that Defendant had been served with this motion. [Doc. #8] On February 10, 2010, Plaintiff re-filed her motion to enforce settlement, this time including proof that the motion had been served on Defendant. [Doc. #10] While this motion was pending, Plaintiff voluntarily dismissed her case with

prejudice. [Doc. #12]   Plaintiff now moves under Fed. R. Civ. P. 60(b) to vacate this voluntary dismissal.   Defendant has not entered an appearance in this case and has not responded to the instant motion.

## DISCUSSION

Under Rule 60(b), a court may relieve a party from a "final judgment, order, or proceeding."  As a threshold matter, Plaintiff has made no attempt to show that a voluntary dismissal under Rule 41(a)(1)(A)(i) fits within one of these categories.  A voluntary dismissal under this rule is effective without any court action and thus seemingly does not constitute a "final judgment, order, or proceeding."  *See Ajiwoju v. Cottrell*, 245 Fed. Appx. 563, 565 (8th Cir. 2007); *Tundell v. Merck & Co.*, No. 06cv375, 2008 U.S. Dist. LEXIS 44978, at *5-6 (N.D. Fla. June 9, 2008).  On the other hand, despite "thin authority" on this issue, courts in the Ninth Circuit have held that "Rule 60(b) relief may sometimes be appropriate in cases of voluntary dismissal."  *Int'l Allied Printing Trades Ass'n v. Am. Lithographers, Inc.*, 233 F.R.D. 554, 556 (N.D. Cal. 2006); *see also Noland v. Flohr Metal Fabricators*, 104 F.R.D. 83, 85 (D. Alaska 1984) (holding that despite the lack of court intervention, a voluntary dismissal under Rule 41(a)(1) can be considered a "proceeding" for purposes of Rule 60(b)); *Budanio v. Saipan Marine Tours, Inc.*, 22 Fed. Appx. 708, 710 (9th Cir. 2001).  Because the Court ultimately concludes that even if it had jurisdiction to consider Plaintiff's motion to vacate, Plaintiff would not be entitled to relief under Rule 60(b), it need not reach this jurisdictional issue.

Plaintiff brings her Rule 60(b) motion under two subsections– (3), which provides for relief from judgment from fraud or misconduct by an opposing party, and (6), the "catch-all" provision that provides for relief for "any other reason."  Under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct and that the misconduct was not discoverable through due diligence prior to the voluntary dismissal.  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).  Rule 60(b)(6), in turn, "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized

only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal quotations and citation omitted).

Plaintiff fails to meet either standard. Plaintiff does not assert that the settlement agreement was reached as a result of fraudulent misrepresentations by opposing counsel. Instead, Plaintiff rests her motion on "Defendant's misconduct by not following the agreement." (Mem. at 4) The Court lacks subject matter jurisdiction to enforce the settlement agreement, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994), and Plaintiff puts forward no authority as to why alleged non-performance of terms in a settlement agreement can constitute grounds to vacate a voluntary dismissal under Rule 60(b). Absent such authority, the Court holds that Plaintiff's bare assertion that Defendant breached the settlement agreement is insufficient to justify relief under Rule 60(b).

Moreover, Plaintiff asserts that "due to the Defendant's unwillingness to resolve this issue, Plaintiff's <u>only</u> remedy is to set aside the voluntary dismissal." (Mem. at 4) (emphasis added) To the contrary, there is no apparent bar to Plaintiff suing anew for breach of the settlement agreement. Just as was the case in *Kokkonen*, the facts of Plaintiff's principal claim and breach of settlement claim are unrelated. Thus, it would serve no equitable purpose to allow Plaintiff to use reinstatement of the principal suit as a cudgel to punish alleged non-compliance of the settlement agreement.

## **CONCLUSION**

Therefore, the Court **DENIES** Plaintiff's motion to vacate the voluntary dismissal and reinstate the case.

**IT IS SO ORDERED.**

DATED: December 30, 2010

Honorable Barry Ted Moskowitz
United States District Judge